IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN KERENSA,   No. 3:18-cv-01388-HZ

        Plaintiff,   ORDER

   v.

U.S. DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

HERNÁNDEZ, District Judge:

    Pro Se Plaintiff Benjamin Kerensa brings this civil rights action against Defendant U.S. Department of Homeland Security. Plaintiff moves for an Order of Default pursuant to Federal Rule of Civil Procedure 55(a). Pl. Mot. Entry Default, ECF 19. The Court denies Plaintiff's Motion.

    Rule 55(a) requires the entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Although Rule 55(a) uses mandatory language, the Court's responsibility to enter a default order does not arise unless the party against whom

1- ORDER

the default order is sought has been properly served with process. *See* Beverly O'Connell, Karen Stevenson, & Virginia Phillips, *Fed. Civil Proc. Before Trial* ¶ 6:36, 6-8 (The Rutter Group 2018) ("Ordinarily, entry of default is not automatic. Plaintiff must present proof to the court clerk (by affidavit or declaration) that the defendant is 'in default' - i.e., that defendant has been served with summons and complaint . . . and has failed to respond within the time permitted by the Federal Rules."); *Cascade Pension Tr. v. Bates Indus., Inc.*, No. 6:16-cv-01068-AA, 2017 WL 1172104, at *1 (D. Or. Mar. 28, 2017) (granting Rule 55(a) motion for entry of default after determining that service was proper and the defendant never appeared). "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.)

Federal Rule of Civil Procedure 4(i) governs service on the United States and its agencies, corporations, officers, and employees. "To serve a United States agency . . . , a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]" Fed. R. Civ. P. 4(i)(2). In order to serve the United States, Rule 4(i)(1) requires a party to:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C[.]

Here, it appears that neither the Attorney General nor the U.S. Attorney for this district was served as required by Rule 4(i). Though Plaintiff's affidavit and the Return of Service filed

2- ORDER

by the U.S. Marshals Service indicate that Defendant was served by certified mail, Kerensa Aff. ¶ 2, ECF 19; Return of Service, ECF 18, there is no evidence that the U.S. Attorney or the Attorney General in Washington D.C. were also served. Because service was improper, the Court declines to enter an order of default against Defendant.

However, as Plaintiff proceeds pro se in this matter, the Court will allow Plaintiff an additional 90 days to serve Defendant with the Summons and Complaint through the U.S. Marshals Service. In providing the U.S. Marshals with the requisite information and documents for service, Plaintiff shall refer to Rule 4(i) for service on a U.S. Agency, as described above, and the "Instructions for Service of Process by U.S. Marshal" included with form USM-285.

## CONCLUSION

Plaintiff's Motion for Entry of Default [19] is DENIED. Plaintiff shall have 90 days from the date of this Order to serve Defendant.

IT IS SO ORDERED.

Dated this ____4____ day of ____June____, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3- ORDER